10-350-ag
Singh v. Holder

BIA
A072 409 681

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
>     *Circuit Judges.*

_____

BARIJINDER SINGH,
>      *Petitioner,*

v.                                     10-350-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Martin Avila Robles, Los Angeles, California.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Barijinder Singh, a native and citizen of India, seeks review of the December 30, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Barijinder Singh*, No. A072 409 681 (B.I.A. Dec. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

I. Time and Number Bars

Singh's motion to reopen was indisputably untimely and number-barred as it was his fourth motion to reopen and he filed it more than thirteen years after he was ordered deported and two years after the BIA's last decision in his case. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Contrary to Singh's argument, the regulation accounts for cases that pre-date its enactment by requiring motions to reopen to be filed either within ninety

days "or on or before September 30, 1996, whichever is later."  8 C.F.R. § 1003.2(c)(2).  Singh's motion to reopen clearly does not meet that test.

II.  Changed Country Conditions

There are no time limitations on motions to reopen if the alien establishes materially "changed country conditions arising in the country of nationality."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  Singh submitted, with his motion to reopen, U.S. State Department Reports on Human Rights Practices in India, along with other documentary evidence, regarding abuses by the Indian and Punjab police and security forces related to the repression of Sikh militancy, including torture, disappearances, and extra-judicial killings during the period between 1993 and 1995.  Singh also submitted documentary evidence from the period 2004 to 2009 indicating that Sikh activists and persons suspected of aiding terrorists remain subject to torture, disappearance, and extra-judicial killing.  The BIA found that while this documentary evidence "reflect[ed] some political changes in India," it did "not establish any change with regard to the treatment of Sikh militants or persons suspected of aiding

3

terrorists."

Singh's challenges to the BIA's country conditions finding are unpersuasive. First, the BIA's review of the documentary evidence, while succinct, was sufficient to demonstrate that it had "given reasoned consideration to the petition, and made adequate findings." *Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted); *see also Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (rejecting argument that the BIA must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)). Second, we reject Singh's objection to the use of country conditions at the time of his 1995 hearing as a baseline, because without such a baseline it would be impossible to determine whether country conditions had in fact changed. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (permitting motions to reopen "based on *changed* circumstances arising in the country of nationality" (emphasis added)).

III. Convention Against Torture ("CAT")

Because Singh's deportation order became final in 1996, *see* 8 C.F.R. § 1003.39, and he did not file the present motion to reopen until 2009, his motion to reopen for the purposes of pursuing CAT relief was untimely. *See* 8 C.F.R.

4

§ 208.18(b)(2)(i) (requiring an alien with an order of deportation that became final prior to March 22, 1999 to file a motion to reopen to pursue CAT relief before June 21, 1999). Thus, Singh's argument that he is entitled to reopening to pursue CAT relief because such relief was not available at the time of his initial hearing lacks merit.

IV. Adjustment of Status

To the extent Singh challenges the BIA's decision not to reopen his case *sua sponte* to permit him to adjust his status, we lack jurisdiction to review that decision, as *sua sponte* reopening under 8 C.F.R. § 1003.2(a) is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5